# EXHIBIT A

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___DEKALB_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed __1/14/2020__ | Case Number ___20A78588_____ |
| MM-DD-YYYY | |

**Plaintiff(s)**
Hightower, Willie    Gene

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Hightower, Lillian

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Piccadilly Restaurants, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Piccadilly Holdings, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
John Doe

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Plaintiff's Attorney __Earline Smith-Montgomery__    Bar Number __517300___    Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number        Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
__Not at this time, but is subject to change due to nature of client's injuries.__

Version 1.1.18

STATE COURT OF
DEKALB COUNTY, GA.
1/13/2020 5:21 PM
E-FILED
BY: Siana Smith

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **WILLIE GENE HIGHTOWER and LILLIAN HIGHTOWER** | • **CIVIL ACTION** |
| | • |
| | • |
| Plaintiffs, | •                              20A78588 |
| | • |
| **VS.** | • **FILE NO. _____** |
| | • |
| **PICCADILLY RESTAURANTS, LLC** | • |
| d/b/a Piccadilly Cafeteria; **PICCADILLY** | • |
| **HOLDINGS, LLC,** formerly known as Pic- | • |
| cadilly Restaurants, LLC or Reorganized | • |
| Piccadilly Restaurants, d/b/a Piccadilly | • **TORTS / JURY TRIAL DEMAND-** |
| Cafeteria for self and in its legal | • **ED** |
| capacity as Parent or subsidiary of, Succes- | • |
| sor to, Assignee of, Purchaser of, or merged | • |
| entity of Piccadilly Restaurants, LLC**; and** | • |
| **JOHN DOE**, d/b/a Piccadilly Restaurants, | • |
| LLC and/or as a entity having assumed the | • |
| 2015 debts and liabilities of Piccadilly Res- | • |
| taurants, LLC**.** | • |
| | • |
| **Defendants** | • |

---

## COMPLAINT FOR DAMAGES ARISING OUT OF TORTS

**COME NOW** the Plaintiffs, by and through their undersigned attorney, and

make and file this Renewal Complaint against the above-named Defendants.  This ac-

tion arose from damages the Plaintiffs sustained when Plaintiff WILLIE

HIGHTOWER'S fell, on or around 2 December 2015, as a  direct result  of the negligence

of Defendants and Defendants' principals, agents, servants, and employees.  Plaintiffs

seek a judgment against Defendants on the issues of liability and monetary damages.

Wherefore, Plaintiffs state the following:

---

**1** | Hightower v. Piccadilly, et al. – DeKalb Complaint

**1.**

Plaintiffs brings this suit under Title 51 of the Official Code of Georgia Annotated (O.C.G.A.), including, but not limited to, §§51-1-13, 51-3-1, 51-2-1, 51-1-9, 51-12-1, et seq., and any other statute or common law principle that may apply to the facts of this case.

**2.**

This court has subject matter jurisdiction over the issues in this case.  Further-more, venue properly lies in this court as Plaintiff Hightower's fall occurred at a facility located in DeKalb County, Georgia that is owned and operated by the two Defendant corporations;

**3.**

Defendant **Piccadilly Restaurants, LLC** is a Louisiana Limited Liability Compa-ny.  It has been actively registered since 2004 with the Office of Georgia's Secretary of State to conduct business in the State of Georgia under the laws hereof.  It does business as (d/b/a) Piccadilly Cafeteria, a restaurant/eatery located at Suite 21, 2801 Candler Road Decatur, GA , 30034 (hereafter, "the Cafeteria");

**4.**

Defendant  **Piccadilly Restaurants, LLC** is  subject to the jurisdiction and venue of this court upon proper service, which can be effected by serving its registered agent for service, **C T CORPORATION SYSTEM** at 289 S Culver St, Lawrenceville, GA, 30046-4805, the address listed in the records of Georgia's Secretary of State;

**5.**

**Defendant Piccadilly Holdings, LLC** is a Louisiana Limited Liability Company that has been actively registered under the laws of the State of Georgia to conduct business herein since July 2017.  It does business as (d/b/a) Piccadilly Cafeteria, a restaurant/eatery located at Suite 21, 2801 Candler Road Decatur, GA, 30034 (hereafter, "the Cafeteria");

**6.**

Defendant **Piccadilly Holdings, LLC** is  subject to the jurisdiction and venue of this court upon proper service, which can be effected by serving its registered agent for service, **CORPORATION SERVICE COMPANY,** at 40 Technology Parkway Southsuite 300, Ben Hill, Norcross, GA, 30092, the address listed in the records of Georgia's Secretary of State;

**7.**

Records in the Office of Georgia's Secretary of State show 4150 South Sherwood Forest Blvd., Suite 100, Baton Rouge, LA, 70816, USA,  as the business address for both Defendant **PICCADILLY RESTAURANTS, LLC and** Defendant **PICCADILLY HOLDINGS, LLC;**

**8.**

Defendant JOHN DOE is the individual or business entity believed to have had an ownership interest in the Cafeteria at some time relevant hereto, whose true and correct identity are unknown to Plaintiffs at this time. Plaintiffs believe that,

through its ownership interest in the Cafeteria, JOHN DOE committed wrong-ful acts and conduct that caused or contributed to the injuries and damages sus-tained by the Plaintiffs herein. In the alternative, JOHN DOE is believed to be a person who assumed the 2015 debts and liabilities of Defendant PICCADILLY RESTAURANTS, LLC, and is thus liable to Plaintiffs.  Plaintiffs will substitute JOHN DOE's name by amendment once its identity is known.

## FACTS COMMON TO ALL CAUSES OF ACTION

### 9.

Sometime prior to registering with the Georgia secretary of State's Office in July 2017, Defendant PICCADILLY HOLDINGS, LLC's legal identity became intertwined with that of Defendant PICCADILLY RESTAURANTS, LLC in some manner such that they are now one and the same entity, or one is the parent to the other, or one is the suc-cessor, assignee or purchaser of the other.  Plaintiffs believe that Defendant PICCADILLY HOLDINGS, LLC now owns all of the assets previously owned by De-fendant PICCADILLY RESTAURANTS, LLC and has assumed all of Defendant PICCADILLY RESTAURANTS, LLC's debts and liabilities.

### 10.

Up until its asset and liability transfer to Defendant PICCADILLY HOLDINGS, LLC, Defendant PICCADILLY RESTAURANTS, LLC, alone or in conjunction with some other entity, owned and operated the Piccadilly Cafeteria located at Suite 21, 2801 Candler Road Decatur, GA, 30034 (hereafter, **"the Cafeteria"**) and as such was respon-

sible for controlling and maintaining the premises wherein the Cafeteria was and continues to be housed;

## 11.

At all times relevant hereto, **the Cafeteria** was a for-profit-restaurant/eatery that sold and served prepared food for the public's consumption in a sit-down dining area;

## 12.

On or around 2 December 2015, Plaintiff WILLIE HIGHTOWER entered the Cafeteria to dine as a paid customer;

## 13.

When Plaintiff WILLIE HIGHTOWER entered the Cafeteria on or around 2 December 2015, he entered as part of a group that held regularly scheduled breakfast meetings at the Cafeteria;

## 14.

When Plaintiff WILLIE HIGHTOWER came into the Cafeteria on or around 2 December 2015, he proceeded to the buffet area through the exit way (as he often did), with the express and implied permission and full knowledge of the Cafeteria's management;

## 15.

When he arrived at the Cafeteria on or around 2 December 2015, Plaintiff WILLIE HIGHTOWER had encountered someone mopping the Cafeteria's floor at its front door, in the opposite direction of the exit area; therefore, he had no reason to believe that the serving area of the Cafeteria would be wet;

**16.**

When Plaintiff WILLIE HIGHTOWER entered the Cafeteria's buffet serving area on or around 2 December 2015, he slipped on a wet floor.  (Hereafter, all references to the "fall", Plaintiff WILLIE HIGHTOWER's arrival and actions on the date of the fall and conditions of the Cafeteria's floor refer to the period on or around 2 December 2015);

**17.**

The Cafeteria's wet floor created a safety hazard, of which Plaintiff WILLIE HIGHTOWER was totally unaware and had no reason to believe existed;

**18.**

Plaintiff WILLIE HIGHTOWER did not and could not see that the floor was wet before he slipped and fell;

**19.**

Plaintiff WILLIE HIGHTOWER had no reason to suspect that the floor was or would be wet in the location of his fall; neither was he given any warning of any kind that this safety hazard existed;

**20.**

The Cafeteria's manager had been in the Cafeteria some while prior to Plaintiff WILLIE HIGHTOWER's arrival and he was in the exit area when WILLIE HIGHTOWER entered it;

**21.**

At all times, the Cafeteria's employees, servants, principals and agents, especially

its on-duty  manager, should have been in a position to observe and supervise the mopping of the uncarpeted floor portion of the serving and dining area

### 22.

The Cafeteria's employees, servants, principals and agents, especially its on-duty manager, knew or should have known that the buffet area's floor had been mopped and was still wet;

### 23.

The Cafeteria's principals, agents, servants, and employees, especially its on-duty  manager, knew or should have known that the rubber safety mat had been re-moved from the buffet area and therefore could not protect persons from coming into contact with the wet floor;

### 24.

The Cafeteria's on-duty manager, saw and spoke to Plaintiff WILLIE HIGHTOWER upon his arrival into the Cafeteria's exit area;

### 25.

The Cafeteria's on-duty manager was well familiar with Plaintiff WILLIE HIGHTOWER and knew he was headed to the buffet area to coordinate the group's breakfast meeting as he always did;

### 26.

The Cafeteria's on-duty manager took no steps to ensure that the buffet area floor was dry or otherwise suitable for traversing before allowing Plaintiff WILLIE HIGHTOWER to enter it;

27.

The Cafeteria's principals, agents, servants, and employees ( especially its on-duty manager), failed to issue Plaintiff WILLIE HIGHTOWER any warning about the condition of the buffet floor or absence of safety devices;

28.

Plaintiff WILLIE HIGHTOWER was injured so badly when he fell that he had to be transported by ambulance to a hospital, where he received several days of in-patient treatment;

29.

At all relevant times and in all the acts relevant hereto , by and through their principals, agents, servants and employees, Defendant PICCADILLY RESTAURANTS, LLC and all those other Defendants who owned, operated and/or controlled the Cafeteria were responsible for the inspection, maintenance, upkeep and safety of the premises wherein the Cafeteria was housed.

30.

At all relevant times and in all the acts relevant hereto, Defendant PICCADILLY RESTAURANTS, LLC had full control over the Cafeteria's premises, including when and in what manner to admit the public;

31.

At all relevant times and in all the acts relevant hereto, Defendant PICCADILLY RESTAURANTS, LLC had full responsibility for the cleanliness and upkeep of the premises;

**32.**

At all relevant times and in all the acts relevant hereto, Defendant PICCADILLY RESTAURANTS, LLC had sole supervisory responsibility over the Cafeteria's premises and sole authority to assign or delegate entities or persons to clean and maintain them;

**33.**

At all relevant times and in all the acts relevant hereto, Defendant PICCADILLY RESTAURANTS, LLC breached its statutory duty to keep its invitees safe through the exercise of ordinary care;

**34.**

At all relevant times and in all the acts relevant hereto, each Defendant has acted on its own behalf or on behalf of or in conjunction with another Defendant, and/or as an owner, operator, principal, agent, servant or employee of the Cafeteria;

## COUNT I  - FIRST CAUSE OF ACTION

### Negligent Maintenance. Inspection and/or Repair

**35.**

**Plaintiffs re-allege and incorporate the foregoing paragraphs into this Count, as if fully set forth verbatim herein.**

**36.**

At all times relevant to this Complaint, those Defendants who owned, operated and/or controlled the Cafeteria were under a legal duty to adequately inspect, repair, and maintain its premises in an adequate and safe condition.

**37.**

Keeping the premises clean is a form of maintenance crucial to the operation of an establishment that prepares and serves food to the public;

**38.**

Keeping the premises' approaches and traversable areas free of clutter, debris or hazard is a form of maintenance crucial to the operation of an establishment that prepares and serves food to the public;

**39.**

Wet and/or slippery floors in the approachable and traversable areas **of** an establishment that permits entry to its invitees amounts to a safety hazard from which the establishment has a duty to protect its invitees through the exercise of ordinary care;

**40.**

At all relevant times and in all the acts relevant hereto, those Defendants who owned, operated and**/or** controlled the Cafeteria had a duty, through the exercise of ordinary care, to ensure that all their invitees, including Plaintiff WILLIE HIGHTOWER, would not be injured while walking through the premises.

**41.**

At all relevant times and in all the acts relevant hereto, those Defendants who owned, operated and**/or** controlled the Cafeteria owed Plaintiff WILLIE HIGHTOWER and other invitees a duty to keep The Restaurant premises safe through the exercise of ordinary care.

**42.**

At all relevant times and in all the acts relevant hereto, those Defendants who owned, operated and**/or** controlled the Cafeteria owed Plaintiff WILLIE HIGHTOWER and other invitees a duty to prevent them from entering areas in the Cafeteria where the floors were wet and/or slippery;

**43.**

At a minimum, those Defendants who owned, operated and/or controlled the Cafeteria had a duty to warn Plaintiff WILLIE HIGHTOWER and other invitees of any existing hazards on the premises;

**44.**

Defendant PICCADILLY RESTAURANTS, LLC, and all other Defendants who owned, operated and/or controlled the Cafeteria and the principals, agents, servants and employees of them all failed to keep the floors dry in areas where the public was allowed to walk, thereby creating and/or maintaining a hazard to invitees.

**45.**

At all times relevant hereto, all those Defendants who owned, operated and/or controlled the Cafeteria owed a duty to Plaintiff WILLIE HIGHTOWER to ensure that their principals, agents, servants and employees carried out their duties and obligations safely;

**46.**

At all times  relevant hereto, all those Defendants who owned, operated and/or controlled the Cafeteria  owed a duty to Plaintiff WILLIE HIGHTOWER to en-

sure that their principals, agents, servants and employees carried out their duties and obligations in a competent and thorough manner conducive to the safety of the Cafeteria's invitees;

**47.**

At all times relevant hereto, all those Defendants who owned, operated and/or controlled the Cafeteria owed a duty to Plaintiff WILLIE HIGHTOWER to properly supervise their principals, agents, servants and employees while in the conduct of their business;

**48.**

At all times relevant hereto, all those Defendants who owned, operated and/or controlled the Cafeteria had a duty to Plaintiff WILLIE HIGHTOWER to ensure that their principals, agents, servants, employees and others acting for or on behalf of them cleaned and maintained the Cafeteria's premises in a reasonable, prudent and safe manner.

**49**

At all times relevant hereto, all those Defendants who owned, operated and/or controlled the Cafeteria owed a duty to Plaintiff WILLIE HIGHTOWER  to establish a policy that would prevent persons from traversing wet floors, particularly in the buffet-serving area, either by blocking off the area or warning of the potentially hazardous condition;

**50.**

At all times relevant hereto, all those Defendants who owned, operated and/or controlled the Cafeteria breached their duties to Plaintiff WILLIE HIGHTOWER, by leaving a wet floor area open for egress and ingress;

**51.**

At all times relevant hereto, all those Defendants who owned, operated and/or controlled the Cafeteria, breached their duties to Plaintiff WILLIE HIGHTOWER, by failing to warn him that the floor was wet;

**52.**

All those Defendants who owned, operated and/or controlled the Cafeteria knew or should have known that the condition that caused Plaintiff WILLIE HIGHTOWER to fall posed a hazard to its invitees; yet, those Defendants, their principals, agents, servants and employees all failed and refused to take the ordinary steps necessary to remove the hazard or take other steps to protect their invitees.

**53.**

At all times relevant hereto, Defendant PICCADILLY RESTAURANTS, LLC and all the other Defendants who owned, operated and/or controlled the Cafeteria and their  principals, agents, servants and employees had actual knowledge that the floor was wet and slippery  and they failed to correct the situation where they had a duty to act;

**54.**

At all times relevant hereto, Defendant PICCADILLY RESTAURANTS, LLC and all the other Defendants who owned, operated and/or controlled the Cafeteria and their principals, agents, servants and employees had constructive knowledge that the floor was wet and slippery and they failed to correct the situation where they had a duty to act;

**55.**

At all times relevant hereto, Defendant PICCADILLY RESTAURANTS, LLC and all the other Defendants who owned, operated and/or controlled the Cafeteria and their agents, servants and employees were negligent as they failed to warn of the faulty condition of the floor, which was in a hazardous and dangerous condition imminently perilous to Plaintiff WILLIE HIGHTOWER and other invitees

**56.**

The acts, omissions and occurrences described herein were proximately caused as a result of the negligence of Defendant PICCADILLY RESTAURANTS, LLC and, all the other Defendants who owned, operated and/or controlled the Cafeteria in that they maintained the property in a careless, reckless and perilous manner.

**57.**

All of the acts and omissions complained of herein were committed by Defendant PICCADILLY RESTAURANTS, LLC and all the other Defendants who owned,

operated and/or controlled the Cafeteria and or their principals, agents, servants or employees acting in their official capacities as the Defendants' principals, agents, servants or employees.

**58.**

All of the acts and omissions complained of herein were committed in direct furtherance of, and within the scope of, the Defendants' business, which acts and omissions fall within the scope of the employment/authority of Defendants and/or their principals, agents, servants and employees.

**59.**

Under Georgia law, all of the acts and omissions complained of herein are imputed to Defendants, and the doctrine of Respondeat Superior is applicable thereto.

**60.**

As a result of the negligence of Defendant PICCADILLY RESTAURANTS, LLC and all the other Defendants who owned, operated and/or controlled the Cafeteria, Plaintiff WILLIE HIGHTOWER received severe injuries to body and mind and still suffers, and will continue to suffer, great physical and mental pain in the future;

**61.**

As a direct and proximate cause of the negligence of Defendant PICCADILLY RESTAURANTS, LLC and all the other Defendants who owned, operated and/or controlled the Cafeteria and their principals, agents, servants and employees, Plaintiff

WILLIE HIGHTOWER has incurred great medical expenses to date and will continue to incur medical expenses into the future;

**62.**

As a direct and proximate result of the negligence of Defendant PICCADILLY RESTAURANTS, LLC and all the other Defendants who owned, operated and/or controlled the Cafeteria and their agents, servants and employees, Plaintiff WILLIE HIGHTOWER has been forced to endure several surgeries, physical therapy and multiple diagnostic exams, and he will need continuing medical care into the future;

**63.**

In addition to the aforementioned damages, Plaintiff WILLIE HIGHTOWER has suffered and will incur damages for the grievous injury to his body; physical and mental pain and suffering; mental anguish; loss-of-life enjoyment; permanent partial disability; future medical expenses; and other incidental expenses.

**64.**

By virtue and reason of the facts recited herein, Defendants, jointly and severally, have damaged and injured Plaintiff WILLIE HIGHTOWER in an amount to be determined by the enlightened conscience of an impartial jury.

**65.**

By virtue and reason of the facts recited hereinbefore and hereinafter, Defendants, jointly and severally, solely caused Plaintiff WILLIE HIGHTOWER's injuries; therefore, they are liable to him for those injuries and owe him damages as enumerated in the Statement of Causation, Liability And Damages contained herein;

**66.**

Plaintiff WILLIE HIGHTOWER states that he is entitled to the damages enumerated in his Statement of Causation, Liability And Damages contained herein and specifically makes prayer for those damages;

## COUNT II - SECOND CAUSE OF ACTION

## Failure To Adequately Hire, Retain Or Supervise

**67.**

**Plaintiffs re-allege the foregoing paragraphs and incorporate them within this Count as if fully set forth verbatim herein;**

**68.**

In addition to any other doctrine or rule of law, Defendants are responsible for Plaintiff WILLIE HIGHTOWER's injuries due to their negligent contracting of a cleaning company untrained in matters of exercising ordinary care for the safety of invitees.

**69.**

In addition to any other doctrine or rule of law, Defendants are responsible for Plaintiff WILLIE HIGHTOWER's injuries due to their negligent supervision in allowing a contractor to mop the Cafeteria's common areas during the entry of invitees into the Cafeteria;

**70.**

In addition to any other doctrine or rule of law, Defendants are responsible for Plaintiff WILLIE HIGHTOWER's injuries due to their negligent supervision in not en-

suring that the floors were dry, protective measures put in place or warning devices made visible to the incoming invitees;

## 71.

In addition to any other doctrine or rule of law, Defendants are responsible for Plaintiff WILLIE HIGHTOWER's injuries due to their negligent delegation of inspection responsibilities to a contractor who only performed periodic inspections which did not cover safety measures;

## STATEMENT OF CAUSATION, LIABILITY AND DAMAGES, COMPENSATORY AND CONSEQUENTIAL

## 72.

**Plaintiffs re-allege the foregoing paragraphs and incorporate them herein as if fully set forth verbatim.  Moreover, this paragraph applies to all counts and the damages herein are to be deemed pled and specifically requested as required by law;**

## 73.

At all times relevant to this Complaint, Defendants were under a legal duty to promulgate and enforce adequate policies, procedures, guidelines, or regulations with regard to the maintenance, inspection and/or repair of the Cafeteria's premises.

## 74.

Defendants failed in their duty to promulgate and enforce adequate policies, procedures, guidelines, or regulations with regard to the maintenance, inspection and/or repair of the Cafeteria's premises, and said failure constitutes a direct and

proximate cause of the injuries and damages sustained by Plaintiff WILLIE

HIGHTOWER for which Defendants are liable;

**75.**

Defendants breached their duties to adequately and properly clean its

floors;

**76.**

Defendants breached their duties to ensure the Cafeteria's premises were

free from hazards on its floors;

**77.**

Defendants breached their duty to exercise ordinary care for Plaintiff WILLIE

HIGHTOWER's protection when it permitted him to traverse wet and/or slippery

floors, especially without warning him of the floor's dangerous condition;

**78.**

Plaintiff WILLIE HIGHTOWER committed no act that contributed to his fall to

any degree, whatsoever;

**79.**

Plaintiff WILLIE HIGHTOWER sustained serious bodily injuries when he fell as

a direct and proximate result of the wrongful acts of Defendants;

**80.**

The slip and fall that led to Plaintiff WILLIE HIGHTOWER's injuries was

solely the direct and proximate result of the various breaches of duty by the De-
fendants as set forth hereinbefore and hereinafter;

**81.**

Each and every act and/or omission attributed to the Defendants in this com-
plaint was the direct and proximate cause of Plaintiff WILLIE HIGHTOWER's injuries,
including his pain and suffering, and he is entitled to recover damages for his injuries
caused on account of those acts and omissions.

**82.**

Plaintiff WILLIE HIGHTOWER is entitled to recover from Defendants for the in-
juries and damages he sustained as a result of Defendants' actions and omissions and
those of Defendants' principals, agents, servants and employees.

**83.**

Plaintiff WILLIE HIGHTOWER is entitled to recover from Defendants for the in-
juries and damages he sustained as a result of Defendants' negligent hiring or contract-
ing with and retention of irresponsible and negligent agents, servants and employees;

**84.**

Plaintiff WILLIE HIGHTOWER is entitled to recover from Defendants for their
negligent maintenance of The Cafeteria's premises and their failure to properly super-
vise the manner by which it was being maintained;

**85.**

Defendants are liable to Plaintiff WILLIE HIGHTOWER and are obligated to pay

him for all of the damages he sustained of whatever nature as a result of being injured in his fall in the Cafeteria on or around 2 December 2015, regardless of whether as a direct tortfeasor or as a party that has assumed the liabilities of the direct tortfeasor ;

### 86.

Plaintiff WILLIE HIGHTOWER has incurred medical bills as a direct and proximate result of the Defendants' negligence and sues for the recovery of his past and future medical expenses in an amount which will likely exceed $250,000.00, as they continue to accrue;

### 87.

In addition to direct medical bills, the damages from Plaintiff Willie Hightower's injuries include, but are not limited to, his pain and suffering (physical and mental), temporary and permanent disability, other medical expenses, durable medical equipment and supplies, prescription costs and travel costs;

### 88.

To date, Plaintiff Willie Hightower sustained medical bills and other special damages in excess of Two Hundred and Fifty Thousand Dollars ($250,000.00) ; damages for temporary and permanent-partial disability and physical and psychological pain and suffering in an amount not less than Two Million Dollars ($2,000,000.00); and consequential damages in an amount not less than Thirty- Five Thousand Dollars ($35,000.00).

**89.**

By virtue and reason of the facts recited herein, Defendants, jointly and severally, have damaged and injured Plaintiff Willie Hightower in an amount to be determined by the enlightened conscience of an impartial jury, but in an amount no less than the cumulative sum of all the amounts specifically recited in this Statement Of Causation, Liability And Damage.

**90.**

Defendant PICCADILLY RESTUARANTS, LLC was aware of Plaintiff WILLIE HIGHTOWER's fall and injury from the moment he fell, as its principals, employees, servants and agents were present at the time he fell, all the while he lay on the floor unable to move, while he was being treated by emergency medical-personnel and when he was placed in an emergency medical vehicle to be transported to the hospital;

**91.**

Despite the clear liability and absence of contributory negligence, Defendants PICCADILLY RESTUARANTS, LLC, PICCADILLY HOLDINGS, LLC, Which assumed the liability for Plaintiff's claims,  and all other responsible Defendants refused to acknowledge responsibility for Plaintiff's injuries, have continued to deny responsibility for Plaintiff's injuries, and has steadfastly refused to compensate the Plaintiff for his injuries;

**92.**

Defendants have been stubbornly litigious in this matter, which has caused both

Plaintiffs to incur court costs and other expenses and attorney fees to recover for their damages;

**93.**

As a result of Defendants' stubborn and litigious manner, Defendants are liable to Plaintiffs for court and service costs in an amount no less than Eight Hundred Dollars ($800.00) and attorney fees that cannot be calculated at this time, as they continue to accrue;

**COUNT III – Third Cause of Action**
**Loss of Consortium And Caretaking Expenses**

**94**.

**Plaintiffs re-allege and incorporate the foregoing paragraphs as if fully set forth verbatim herein.**

**95.**

As a result of the injuries he sustained in the 2 December 2015 slip and fall, Plaintiff WILLIE HIGHTOWER could no longer perform any of his marital duties.

**96.**

As a result of the injuries he sustained in the 2 December 2015 slip and fall, Plaintiff WILLIE HIGHTOWER's mobility was so greatly affected that he could no longer assist with any of the household chores or otherwise contribute to the running of the household;

**97.**

As a result of the injuries he sustained in the 2 December 2015 slip and fall, Plaintiff WILLIE HIGHTOWER was limited in the activities he could enjoy with his wife;

**98.**

As a result of the injuries Plaintiff WILLIE HIGHTOWER sustained and their debilitating effect on him, Plaintiff LILLIAN HIGHTOWER was deprived of her marital consortium rights, her husband's care, attention and  loving affection, and her husband's assistance in carrying out their daily household responsibilities ;

**99.**

As a result of the injuries Plaintiff WILLIE HIGHTOWER sustained and their debilitating effect on him, he required round-the-clock caretaking, including being driven back and forth to receive his medical treatment;

**100.**

The plaintiffs were unable to afford someone to provide the assistance that Plaintiff WILLIE HIGHTOWER needed;

**101.**

As a result of the injuries Plaintiff WILLIE HIGHTOWER sustained in the 2 December 2015, slip and fall and the resultant pain, Plaintiff LILLIAN HIGHTOWER had to step in and provide the constant care and assistance he needed;

**102.**

As a result of the care and attention that Plaintiff LILLIAN HIGHTOWER had to give her husband, she herself suffered loss of sleep, tiredness and fatigue, and she had to curtail many of her own activities, ;

**103.**

All of the Defendants actions enumerated herein before were the proximate cause of injury and damage to the Hightowers' relationship and to Plaintiff LILLIAN HIGHTOWER's marital rights and they are responsible therefor;

By virtue and reason of the facts recited herein, Defendants, jointly and severally, have damaged and injured Plaintiff LILLIAN HIGHTOWER in an amount to be determined by the enlightened conscience of an impartial jury, as these damages are not subject to objective quantification.   Nevertheless, she submits that she is entitled to an amount not less than One Hundred Thousand Dollars ($100,000.00)

**WHEREFORE**, Plaintiffs pray:

1      That judgment be entered against all Defendants on all counts on the issues of liability and monetary damages;

2.      That Plaintiff WILLIE HIGHTOWER be awarded a reasonable money judgment to compensate him for his personal injuries, including temporary and permanent-partial disability and pain and suffering in an amount not less than Two Million Dollars ($2,000,000.00);

3.      That Plaintiff LILLIAN HIGHTOWER be awarded a reasonable money judgment to compensate her for loss of consortium and rendering care to Plaintiff WILLIE HIGHTOWER in an amount not less than One Hundred Thousand Dollars ($100,000.00);

4.      That Plaintiff WILLIE HIGHTOWER be awarded a reasonable money judgment to compensate him for consequential damages, including all incidental expenses in an amount not less than Thirty-Five Thousand Dollars ($35,000.00;

5.      That Plaintiff WILLIE HIGHTOWER be awarded a reasonable money judgment to compensate him for special damages in an amount to be proven at trial, as special damages continue to accrue, but in any event, damages should be awarded in an amount not less than Two Hundred and Fifty Dollars ($250,000.00);

6.      That Plaintiffs be awarded reasonable attorney fees; the costs and expenses of this litigation; and costs of court; and

7.      That Plaintiffs be awarded such other and further relief as this court deems just and meet in the premises.

Respectfully, submitted


__/S/ Earline Smith-Montgomery
**By:** Earline Smith-Montgomery,
Attorney for Plaintiffs
GA Bar No:  517300

P. O. Box 870707
Stone Mountain, Georgia 30087-0018
(404) 299-8111 – telephone
esm@attorneyesm.com


STATE COURT OF
DEKALB COUNTY, GA.
1/13/2020 5:21 PM
E-FILED
BY: Siana Smith

20A78588

No. _____

**Date Summons Issued and E-Filed**

1/14/2020

_____

_____ Siana Smith

Deputy Clerk

Deposit Paid $ _____

[X] JURY Demanded

# STATE COURT OF DEKALB COUNTY
## GEORGIA, DEKALB COUNTY

### SUMMONS

**Willie Gene Hightower and Lillian Hightower • 2573 Rockcliff Rd., S.E.• Atlanta • GA • 30316**
Plaintiffs' names and address

**vs. Piccadilly Restaurants, LLC, et al**

**To: Defendant Piccadilly Restaurants, LLC via C T CORPORATION SYSTEM • 289 S Culver St • Lawrenceville • GA • 30046-4805**
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of DeKalb County State Court, located at Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 **and** serve upon the plaintiffs' attorney, to wit:

Earline Smith-Montgomery, Attorney at Law
_____
Name

P.O. BOX 870707 • STONE MOUNTAIN • GA • 30087_____
Address

(404) 299-8111                     517300
_____
Phone Number                     Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading must be filed via electronic filing through eFileGA at www.eFileGA.com; odysseyefilega.com; or at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030.

Drew Eckl & Farnham, LLP • Matthew A. Nanninga, Esq.     _____
Defendant's Attorney                                     Third Party Attorney

Ste 3500 • 303 Peachtree St, NE • Atlanta, GA 30308     _____
Address                                                  Address

(404) 885-1400_____     _____
Phone No.           Georgia Bar No.                     Phone No.     Georgia Bar No.

### TYPE OF SUIT

☒ Personal Injury ☐ Products Liability        Principal $ 2,385,000.00
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability        Interest $ To be determined
☐Other
                                               Atty Fees $ To be determined

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒(Plaintiffs consent to e-service pursuant to OCGA 9-11-5 (f) via their attorney at
esm@attorneyesm.com and esmithmontgomery@msn.com.**

E-file summons1-2016

20A78588

No. _____

**Date Summons Issued and E-Filed**

1/14/2020

_____
                    Siana Smith
_____

Deputy Clerk

Deposit Paid $ _____

**[X] JURY Demanded**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

**Willie Gene Hightower and Lillian**
**Hightower • 2573 Rockcliff Rd., S.E.•**
**Atlanta • GA • 30316**
Plaintiffs' names and address

**vs. Piccadilly Restaurants, LLC, et al**

**To: Defendant Piccadilly Holdings, LLC**
via **CORPORATION SERVICE COMPANY •**
**40 Technology Parkway South • Suite**
**300 • Norcross • GA • 30092**
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of DeKalb County State Court, located at Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 **and** serve upon the plaintiffs' attorney, to wit:

Earline Smith-Montgomery, Attorney at Law
_____
Name

P.O. BOX 870707 • STONE MOUNTAIN • GA • 30087_____
Address

(404) 299-8111                                      517300
_____       _____
Phone Number                                  Georgia Bar No.   517300

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading must be filed via electronic filing through eFileGA at www.eFileGA.com; odysseyefilega.com; or at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030.

Drew Eckl & Farnham, LLP • Matthew A. Nanninga, Esq.       _____
Defendant's Attorney                                              Third Party Attorney

Ste 3500 • 303 Peachtree St, NE • Atlanta, GA 30308       _____
Address                                                          Address

(404) 885-1400                                              _____
_____   _____   _____
Phone No.                    Georgia Bar No.            Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _2,385,000.00_____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ __To be determined_____
☐Other
                                                 Atty Fees $ _To be determined_____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒(Plaintiffs consent to e-service pursuant to OCGA 9-11-5 (f) via their attorney at
esm@attorneyesm.com and esmithmontgomery@msn.com.**

E-file summons1-2016

# EXHIBIT A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| WILLIE GENE HIGHTOWER and<br>LILLIAN HIGHTOWER, | ) )<br>) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action File No. 20A78588 |
| PICCADILLY RESTAURANTS, LLC<br>d/b/a Piccadilly Cafeteria; PICCADILLY<br>HOLDINGS, LLC, formerly known as<br>Piccadilly Restaurants, LLC or Reorganized<br>Piccadilly Restaurants, d/b/a Piccadilly<br>Cafeteria for self and in its legal<br>capacity as Parent or subsidiary of,<br>Successor to, Assignee of, Purchaser of, or<br>merged entity o Piccadilly Restaurants,<br>LLC; and JOHN DOE, d/b/a Piccadilly<br>Restaurants, LLC and/or as a entity having<br>assumed the 2015 debts and liabilities of<br>Piccadilly Restaurants, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ACKNOWLEDGMENT OF SERVICE AND STIPULATION TO RESPOND OR ANSWER PURSUANT TO O.C.G.A. § 9-11-6(b)

COME NOW Plaintiffs and Defendants, by and through their undersigned counsel, and hereby file this Acknowledgment of Service and Stipulation to Respond or Answer Pursuant to O.C.G.A. § 9-11-6(b), showing the Court as follows:

On January 13, 2020, Plaintiffs filed a lawsuit in this Court against Defendants Piccadilly Restaurants, LLC, and Piccadilly Holdings, LLC (hereinafter "Defendants"). Defendants hereby acknowledge due and legal service of Plaintiffs' Complaint filed in the above-styled action and the Summons in the above-styled case and hereby waive any and all further notice, service, and issuance of process. Defendants retain all defenses and objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in

the service of the summons.

Pursuant to O.C.G.A. § 9-11-6(b), the parties hereby stipulate that Defendants shall have up to and including February 20, 2020, to answer or otherwise respond to Plaintiffs' Complaint without waiver of any defenses or objections.

Respectfully submitted this 23rd day of January, 2020.


DREW ECKL & FARNHAM, LLP

/s/ Matthew Nanninga
Matthew A. Nanninga
Georgia Bar No. 159070
Alisha A. Dickie
Georgia Bar No. 641474
303 Peachtree Street N.E., Suite #3500
Atlanta, Georgia  30308
(404) 885-1400
nanningam@deflaw.com
dickiea@deflaw.com
Attorneys for Defendants


**Consented to by:**

EARLINE SMITH-MONTGOMERY

/s/ Earline Smith-Montgomery
Earline Smith-Montgomery
Georgia Bar No. 517300
[signed by Matthew A. Nanninga  w/ express permission]
P.O. Box 870707
Stone Mountain, Georgia 30087-0018
(404) 299-8111
esm@attorneyesm.com
Attorney for Plaintiffs


STATE COURT OF
DEKALB COUNTY, GA.
1/24/2020 10:11 AM
E-FILED
BY: Kelly Flack

2

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a copy of the within and foregoing ACKNOWLEDGMENT OF SERVICE AND STIPULATION TO RESPOND OR ANSWER PURSUANT TO O.C.G.A. § 9-11-6(b) with the Clerk of State Court of Dekalb County by using the Odyssey eFileGA e-filing system which will send e-mail notification of such filing to the following attorneys of record:

Earline Smith-Montgomery, Esq.
P.O. Box 870707
Stone Mountain, Georgia  30087-0018

This 23rd day of January, 2020.

/s/ Matthew A. Nanninga
Matthew A. Nanninga, Georgia Bar No. 159070
Alisha A. Dickie, Georgia Bar No. 641474
Attorneys for Defendants

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mnanninga@deflaw.com
adickie@deflaw.com

9486748/1
05907-130468